IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MELISSA BOLTON,**
*as parent and next friend of K.B.,*

      **Plaintiff,**

v.                                              Civil Action No. 3:19cv558

**CHESTERFIELD COUNTY SCHOOL BOARD,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Chesterfield County School Board's (the "School Board") Motion to Dismiss, (the "Motion")[1]. (ECF No. 8.) The School Board asserts several grounds for relief, including: (1) the Amended Complaint must be dismissed "for failure to state a claim upon which relief can be granted," as required by Federal Rule of Civil Procedure 12(b)(6);[2] (2) the Amended Complaint fails to meet Federal Rule of Civil Procedure 8[3] requirements by lacking a "short and plain statement" of Bolton's claims; and, (3) the Amended Complaint runs afoul of Federal Rule of Civil Procedure 10(b)[4] by failing to state the

---

[1] The School Board filed, along with the Motion to Dismiss, a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (Mot. 2, ECF No. 8.)

[2] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[3] Rule 8(a) requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) requires that each allegation also be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

[4] Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ.

claims "in numbered paragraphs that are limited, as far as practicable, to a single set of circumstances." (Mem. Supp. Mot. Dismiss 2, 16, 18, ECF No. 9.) Despite the Court providing Bolton with additional time to reply, Bolton has not responded to the Motion.

Accordingly, this matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction over Bolton's federal claim pursuant to 28 U.S.C. § 1331.[5] For the reasons that follow, the Court will grant the Motion to Dismiss without prejudice. (ECF No. 8.)

## I. Procedural and Factual Background

On August 5, 2019, Bolton, proceeding *pro se*, filed her initial Complaint. (ECF No. 1.) Four days later, on August 9, 2019, Bolton filed her Amended Complaint as of right, (the "Amended Complaint"). (ECF No. 4.) Bolton brings this action as parent and next friend of K.B., a Chesterfield County student who previously held an Individualized Education Plan ("IEP"). (Am. Compl. 2, ECF No. 4.)

Bolton's Amended Complaint appears to appeal two administrative decisions issued by two separate special education hearing officers, who were appointed pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–82 ("IDEA"). (*Id.* 1.) Bolton seeks, among other things: reversal of the May 6, 2019 and June 8, 2019 decisions (collectively, the "2019 Decisions"); K.B.'s private placement at public expense at the Faison Center for Autism;

---

P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Bolton brings her Complaint pursuant to the Individuals with Disabilities Act, 20 U.S.C. §§ 1400–82.

2

reimbursement for tuition and transportation expenses associated with alleged prior placement in a private pre-school; copies of work samples and evaluation protocols; two years of compensatory educational services; and, an alteration of Chesterfield County Public Schools special education policy and procedure. (*Id.* 49–50.)

On September 11, 2019, the School Board timely filed the Motion, asserting three separate grounds for dismissal. (Mot., ECF No. 8.) Bolton did not file a response to the Motion.

On September 18, 2019, the Court appointed Bolton *pro bono* counsel for a court settlement conference. (ECF No. 10.) The Parties engaged in a settlement conference before the Honorable David J. Novak, then a magistrate judge.

Despite multiple attempts at settlement, the Parties did not settle their case. On August 19, 2020, almost one year after the School Board filed its Motion to Dismiss, the Court ordered Bolton to explain her failure to respond to the Motion and to show cause why the Court should not grant the Motion on the merits. (Aug. 19, 2020 Order, ECF No. 19.) In the August 19, 2020 Order, the Court instructed Bolton to file her response to the Motion within twenty-one (21) days of the entry of that order. (*Id.* 2.)

On September 4, 2020 Bolton filed an affidavit in which she stated that she did not know that "a response motion needed to be filed when the case was moved into settlement phase." (Bolton Aff. 1, ECF No. 20.) Bolton asks for "a little more time to conduct our meeting with the school division and their counsel." (*Id.*) Bolton attaches to her affidavit email correspondence between her *pro bono* settlement counsel and the School Board indicating that the Parties may still be working to resolve her claims. (*Id.* 3–14.)

To date, Bolton has not filed a responsive pleading to the Motion, nor has she addressed any arguments the School Board raised in its Motion. (*See* Aug. 19, 2020 Order 1, ECF No. 19.)

### III.
### Bolton's Complaint Fails to Meet the
### Pleading Requirements of Rules 8 and 10(b)

Because Bolton proceeds *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of the grounds for this Court's jurisdiction and a "statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d) requires "[e]ach allegation [to] . . . be simple, concise, and direct." Fed. R. Civ. P. 8(d). The Rules require such pleading "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the*

*issue* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Morchower*, No. 3:08cv100, 2009 WL 211578, at *1 (E.D. Va. Jan. 28, 2009) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). Unnecessarily verbose statements "place 'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Id.*, 2009 WL 211578, at *1 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks omitted).

Although Bolton lists the ways in which she believes the "Hearing Officers" erred in making the 2019 decisions and specifies the relief she seeks, Bolton's statement of the facts, the "narrative" of the case, offends Rule 8(a). Even liberally reading the Amended Complaint, Bolton's statement of facts fails to coherently convey the facts, on which Bolton relies, in a way that enables the School Board to understand Bolton's grievances in order to frame a responsive pleading. The 50-page, 139-paragraph Amended Complaint contains statements pertaining to events over the course of several years[6] without providing the Court or the School Board sufficient background information or context to explain how the various allegations fit into the overall narrative. Indeed, Bolton muddies her allegations by sporadically including anecdotal narratives that do not appear to support any claim for relief.[7] Moreover, Bolton's failure to

---

[6] For example, Bolton references alleged acts that occurred in 2014 and 2015 when the events underlying both of Bolton's due process hearings took place during the 2018–2019 school year. (*See* Am. Compl. ¶¶ 14–21.)

[7] For example, in her Amended Complaint, Bolton accuses a Chesterfield County School Board teacher of violating K.B.'s "confidentiality by taping his 'toileting tracking' chart to the outside of the bathroom." (Am. Compl. ¶ 83.) In that same paragraph, Bolton alleges that a School Board attorney revealed Bolton's location to her estranged spouse, which resulted in an "immediate and severe safety threat" for Bolton and K.B. (*Id.*) Although the Court recognizes the sensitive nature of these facts, they do not support Bolton's IDEA claims against the School Board.

5

distinguish the procedural decisions, factual findings, and legal determinations between the two separate hearings forces the School Board and the Court to hunt for "the relevant material from a mass of verbiage." *Sewraz*, 2009 WL 211578, at *1.

These problems force the Court and the School Board to guess as to the relevance of many of the statements contained in Bolton's narrative, making the task of piecing together what has happened in this case impracticable. The Amended Complaint "fails to articulate claims with sufficient clarity to allow [the School Board] to frame a responsive pleading." *SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, No. 3:12cv162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted*, 2013 WL 505828 (E.D. Va. Feb. 8, 2013) (citations omitted). Consequently, it fails to meet the pleading standard required by Rule 8(a),[8] and the Court will dismiss the Complaint.

---

[8] The Complaint also fails to meet the requirements of Federal Rule of Civil Procedure 10(b), which requires that a plaintiff "state [his or her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.* Bolton does not meet these requirements in her Amended Complaint. Although the Amended Complaint contains numbered paragraphs, the facts list a number of events, accusations, and people without any organizational scheme or structure. These shortcomings combined with the Amended Complaint's general lack of sufficient context and background information leaves the Court and the School Board unable to understand the pertinent nature of and circumstances surrounding Bolton's claims.

6

## II.
## Bolton's Complaint Fails to Meet the Pleading Requirements of Rule 12(b)(6)

The School Board seeks dismissal pursuant to Rule 12(b)(6) on several grounds. First, the School Board argues that the Amended Complaint must be dismissed because Bolton lacks standing to assert claims on behalf of K.B. (Mem. Supp. Mot. Dismiss 2.) Second, the School Board argues that Bolton fails to show any facts supporting an inference that the 2019 Decisions were not "regularly made." (*Id.*) Third, the School Board notes that the IDEA does not provide the "advocacy fees" that Bolton seeks. (*Id.*) Finally, the School Board asks the Court to dismiss the Amended Complaint because Bolton did not exhaust her administrative remedies with respect to certain relief sought. (*Id.*) While the Court recognizes some merit to these grounds, the Court need not address them due to Bolton's failure to respond to the Motion.

Although the Court liberally construes *pro se* pleadings and provides *pro se* litigants with a fair and just opportunity to litigate their claims in court, the Court must grant the Motion and dismiss the Amended Complaint. The Court gave Bolton ample time—nearly one year—to respond to the Motion to Dismiss. Despite the Court instructing Bolton in its August 19, 2020 Order to file a response to the Motion, well after the original deadline, Bolton failed to appropriately respond and address the arguments raised in the Motion. (*See* Aug. 19, 2020 Order.) As evinced by Bolton's Affidavit in response to the August 19, 2020 Order, Bolton does not ask the Court to grant her leave to file a responsive pleading. (Bolton Aff. 1.) Rather, Bolton asks only that the Court provide "more time to conduct our meeting with the school division and their counsel." (*Id.*) The Court notes that this Memorandum Opinion neither prevents nor prohibits Bolton from continuing her discussions with the School Board to resolve her claims concerning K.B.

7

As the Court warned in its August 19, 2020 Order, the Court will dismiss the Amended Complaint without prejudice for Bolton's failure respond, *see* Federal Rule of Civil Procedure 41(b),[9] and her failure to follow the filing requirements set forth in Federal Rules of Civil Procedure 8 and 10(b).

### III. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss, (ECF No. 8). The Court will dismiss without prejudice the Amended Complaint, (ECF No. 5).

In deference to Bolton's *pro se* status and in the interest of justice, the Court will grant Bolton leave to file an Amended Complaint. If Bolton chooses to do so, she shall file her Amended Complaint no later than October 30, 2020. The Amended Complaint shall outline in simple and straightforward terms why Bolton thinks that she is entitled to relief and why the Court has jurisdiction over their case. *See* Fed. R. Civ. P. 8(a)(1–2). Bolton must also take care to organize the statement of facts pursuant to Rule 10(b).

The amended complaint shall also comply with the following directions:

1. At the very top of the amended pleading, Bolton must place the following caption in all capital letters: "SECOND AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:19cv558."

2. The first paragraph of the second amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Bolton must set forth legibly and coherently, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief.

3. Bolton shall also include the relief they request – what in the law is called a "prayer for relief."

4. The second amended complaint must stand or fall on its own accord. Bolton may not reference statements in the prior complaint.

---

[9] Rule 41(b) allows a court to dismiss an action, *inter alia*, "[i]f the plaintiff fails . . . to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

5. The second amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz*, 2009 WL 211578, at *2.

Bolton shall comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia. Bolton is advised that failure to strictly comply with the Court's directives and with applicable rules will result in dismissal of this action with prejudice.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: Sept. 25, 2020
Richmond, Virginia